# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1998 SESSION



FILED

February 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9710-CR-00454 |
| | ) | |
| vs. | ) | Washington County |
| | ) | |
| ROY D. NELSON, JR., | ) | Hon. Lynn W. Brown, Judge |
| | ) | |
| Appellant. | ) | (Burglary, Aggravated Burglary, |
| | ) | Aggravated Arson, Possession of |
| | | Marijuana) |

FOR THE APPELLANT:

**DONALD E. SPURRELL**
Attorney at Law
128 E. Market St.
Johnson City, TN 37604

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**DAVID CROCKETT**
District Attorney General

**JOE C. CRUMLEY**
Asst. District Attorney General
P.O. Box 38
Jonesborough, TN 37659

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Roy D. Nelson, stands convicted of burglary, aggravated burglary, aggravated arson and possession of marijuana as a result of his efforts to blow up his ex-wife's home. Nelson received his convictions at the conclusion of a jury trial in the Washington County Criminal Court. A Range III offender, Nelson is presently serving an effective 62-year sentence in the Department of Correction for his crimes.[1] In this direct appeal, Nelson claims he was improperly convicted of aggravated arson because he, rather than another person, suffered the serious bodily injury relied upon to elevate the offense from arson to aggravated arson. Having reviewed the appellate record, the arguments of the parties and the applicable law, we affirm the judgment of the trial court.

## I

Upon initial review of the record, we discovered that Nelson's notice of appeal was filed two and a half months after the trial court entered its order overruling the motion for new trial. In order to be timely, the notice of appeal should have been filed and received by the clerk of the trial court within 30 days after entry of the order denying a new trial. Tenn. R. App. P. 4(a), (c). If a defendant fails to comply with the Rules of Appellate Procedure, the appellate court _may_ waive timely filing in the interest of justice. Tenn. R. App. P. 4(a). Equally, the appellate court may choose not to allow an untimely appeal in a criminal case. See, e.g., State v. Cleotha Nash, No. 02C01-9701-CC-00026, slip op. at 3 (Tenn. Crim. App., Jackson, Feb. 18, 1998), perm. app. denied (Tenn. 1998); State v. Austin Kipling Stratton, No. 01C01-9611-CC-00472, slip op. at 2-3 (Tenn. Crim. App., Nashville, Dec. 4, 1997).

Unlike many cases in which a notice of appeal is untimely filed, Nelson has not filed a motion to waive timely filing of the notice of appeal or any similar pleading. Typically, such filing would contain acknowledgment that the notice of appeal was not timely filed and would include verified

---

[1]Total fines of $60,350 were imposed.

factual and/or legal assertions why the interests of justice dictate that we should waive timely filing of the notice of appeal. See Cleotha Nash, slip op. at 3 (appeal dismissed where neither record nor allegation by the defendant provided sufficient basis for waiver of timely filing of notice of appeal).

Despite Nelson's shortcoming in this regard, we somewhat reluctantly waive the timely filing requirement for the notice of appeal. The issue Nelson has raised on appeal is a novel one, and as best we can tell, is an issue of first impression in Tennessee. It is better addressed now on direct appeal, rather than in a delayed appeal following a post-conviction case in which defense counsel might be found ineffective for failing to perfect a timely direct appeal. In the interest of justice, we waive the requirement of timely filing of the notice of appeal. Tenn. R. App. P. 4. We admonish counsel and other appealing parties, however, that this result is not a preordained conclusion, and we expect acknowledgment and an explanation when counsel has failed to comply with the Rules of Appellate Procedure.

## II

Nelson claims his aggravated arson conviction cannot be sustained because the serious bodily injury used to elevate the crime from simple arson was his own, not another person's. In pertinent part, "[a] person commits aggravated arson who commits arson as defined in § 39-14-301 or § 39-14-303 . . . [w]hen any person, including firefighters and law enforcement officials, suffers serious bodily injury as a result of the fire or explosion." Tenn. Code Ann. § 39-14-302(a)(2) (1997) (emphasis added). "'Person' includes the singular and plural and means and includes any individual, firm, partnership, copartnership, association, corporation, governmental subdivision or agency, or other organization or other legal entity, or any agent or servant thereof[.]" Tenn. Code Ann. § 39-11-106(a)(27) (1997).

The aggravated arson statute is anomalous. Elsewhere in the criminal code, offenses which are aggravated or especially aggravated by the infliction of bodily injury or serious bodily injury

3

are worded differently. <u>See</u> Tenn. Code Ann. § 39-13-102(a)(1)(A) (1997) (aggravated assault) ("serious bodily injury to another"); Tenn. Code Ann. § 39-13-304(a)(4) (1997) (aggravated kidnapping) ("victim suffers bodily injury"); Tenn. Code Ann. § 39-13-305(a)(4) (1997) (especially aggravated kidnapping) ("victim suffers serious bodily injury"); Tenn. Code Ann. § 39-13-402(a)(2) (1997) (aggravated robbery) ("victim suffers serious bodily injury"); Tenn. Code Ann. § 39-13-403(a) (1997) (especially aggravated robbery) ("victim suffers serious bodily injury"); Tenn. Code Ann. § 39-13-502(a)(2) (1997) (aggravated rape) ("defendant causes bodily injury to the victim"); Tenn. Code Ann. § 39-13-504(a)(2) (1997) (aggravated sexual battery) ("defendant causes bodily injury to the victim"); Tenn. Code Ann. § 39-14-404(a)(2) (1997) (especially aggravated burglary) ("victim suffers serious bodily injury"). The aggravated arson statute stands alone raising the possibility of a defendant's conviction of the aggravated offense based upon his own serious bodily injury.

In examining the criminal code, we find no indication that we should depart from the plain meaning of the definition of "person" and the common, ordinary usage of the word "any." Thus, we believe "any person" who suffers serious bodily injury includes the defendant. We are further persuaded by the wording of the aggravated arson statute itself, which provides that "a person" is guilty of the crime if certain elements are met, including that "any person" (not "any <u>other</u> person") suffers serious bodily injury. Unlike other criminal code provisions, the aggravated arson statute does not require injury to a "victim" or "another" as an element of the crime. Furthermore, this result is consistent with the unique character of the crime of arson. More so than the other offenses in the criminal code which are aggravated by some level of bodily injury, arson as a general proposition creates a dangerous exigency which has the potential to endanger the criminal himself, in addition to any targeted individual, members of the public, and rescue personnel.

Thus, we find no flaw with the defendant's conviction of aggravated arson based upon his own serious bodily injury from the explosion he created. The judgment of the trial court is affirmed.

4

_____

JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____

DAVID H. WELLES, JUDGE


_____

L.T. LAFFERTY, SPECIAL JUDGE